OPINION
PER CURIAM
Petitioner Cal Jin Hua, a native and citizen of China, seeks review of a final order of removal. Hua claims that she suffered past persecution by government officials through their enforcement of Chi *405 na’s coercive family planning policy. She fears future persecution if removed to China, based on her intention to have more children. Because the Immigration Judge’s (“IJ”) adverse credibility determination is supported by substantial evidence, we will deny the petition for review.
I.
Hua entered the United States at an unknown place on an unknown date, without having been admitted or paroled after inspection by DHS. She applied for asylum in February 2007, after a Notice to Appear had issued. The IJ denied Hua’s request for asylum as untimely, but allowed her requests for withholding of removal and Convention Against Torture (“CAT”) protection to proceed. Hua made three arguments in support of her overarching claim that she had been persecuted in the past through enforcement of China’s coercive family-planning policy: 1) she was subjected to two forced abortions; 2) she was implanted with two IUDs against her will; and 3) she and her husband were forced to sign a one-child contract with the government.
The IJ made an adverse credibility determination, found that Hua had failed to corroborate any material element of her story, and denied all requested relief. The IJ noted in her decision that Hua’s testimony was “difficult to follow,” and that “it seems that [she] has forgotten things over time.” The IJ opined that Hua “repeatedly enhanced her claim” during the hearing: “[s]he has decided that she suffered two forced abortions, not one, has decided that she [was] forced to have inserted two IUD’s, not one.” The IJ also noted that although Hua testified to having an IUD inserted against her will, Hua had chosen not to remove the IUD while in the United States. That, in addition to Hua’s liver disease, hepatitis, and need for medical therapy, left the IJ unconvinced that Hua actually planned to have another child.
The Board of Immigration Appeals (“BIA”) dismissed Hua’s appeal. It first noted that Hua had failed to challenge the IJ’s finding that her asylum application was untimely. The BIA next determined that the IJ’s adverse credibility finding was not clearly erroneous. The BIA specifically deferred to the IJ’s findings that Hua had “repeatedly enhanced her claim, creating testimony as she moved through the hearing,” and also that Hua “had difficulty remembering when the abortions occurred and that the testimony was difficult to follow.” The BIA thus concluded that the IJ’s “demeanor-like observations,” coupled with the testimonial inconsistencies, “constitute significant evidence of a lack of credibility in the respondent’s asylum claim under the REAL ID Act.” The BIA also determined that Hua had not met her burden for relief under the CAT. Hua appealed.
II.
We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). “[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, we have authority to review the decisions of both the IJ and BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review adverse credibility determinations for substantial evidence. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002). Because Hua filed her asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go the heart of her claim. See Lin v. Att’y Gen., 543 F.3d 114, 119 n. 5 (3d Cir.2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Hua’s demeanor, the plausibility of her story, and on the consistency of her state *406 ments. See 8 U.S.C. § 1158(b)(l)(B)(iii); Gabuniya v. Att’y Gen., 463 F.3d 316, 322 n. 7 (3d Cir.2006).
III.
We conclude that Hua is ineligible for statutory withholding of removal because the adverse credibility determination in this case is supported by substantial evidence.[1] The BIA “held that Petitioner lacked credibility because ‘she repeatedly enhanced her claim, creating testimony as she moved through the hearing.’ ” We agree. There are several material inconsistencies in and between Hua’s testimony and asylum application regarding both the number of forced abortions and IUD insertions, and the dates of those abortions and insertions. Moreover, Hua’s testimony concerning her husband’s employment with the military, as it related to the crux of Hua’s claim, was hazy and inconsistent. Finally, we agree with the BIA that Hua’s apparent voluntary use of the IUD conflicts with her claim that it was forcibly inserted by the Chinese government.
Hua does not directly contest the IJ’s findings regarding the significant inconsistencies between her testimony and asylum application. Instead, Hua blames the material omissions from her asylum application (the number and dates of the alleged forced abortions and IUD insertions) on a “memory lapse.” Hua alternatively argues that because the asylum application was written in English, she was unfamiliar with its contents. Ironically, the latter argument is itself inconsistent with Hua’s testimony at the removal hearing:
IJ: All right and then your application for asylum, is that your signature?
HUA: Yes.
IJ: Do you understand ... everything in these papers[?][H]as it been explained to you?
HUA: Yes.
IJ: And is everything true and complete in every respect?
HUA: Yes.
(AR 144.)[2] We agree with the IJ and BIA that both explanations are deficient.
We will reverse the findings of the BIA as to Hua’s credibility only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did. See Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir.2003). No such evidence is present here. Accordingly, we will deny the petition for review.[3]

.The only relief Hua appears to be pursuing is withholding of removal under 8 U.S.C. § 1231(b)(3). Hua does not challenge the IJ's finding that her asylum application was untimely, correctly acknowledging that we would not have jurisdiction to review that claim if she had raised it on appeal. See 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 632-33 (3d Cir.2006). Hua also does not challenge the agency’s determination that she is ineligible for CAT relief and, as a result, she has waived that line of argument. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir.2004).

. We are unpersuaded by the explanation for that inconsistency in Hua's reply brief.

. Given our reasoning in support of this disposition, an analysis of Hua’s arguments concerning corroborative evidence is unnecessary. We note only that, the Government's disagreement with Toure v. Att’y Gen., 443 F.3d 310 (3d Cir.2006), notwithstanding, that case remains binding precedent in this Circuit.